*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                521736
_____

In the Matter of the Claim of
    MICHELLE A. LABBATE,
                    Respondent.

ROBERT GREEN AUTO & TRUCK,                MEMORANDUM AND ORDER
    INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   February 23, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Devine, JJ.

_____

        Ricciani & Jose, LLP, Monticello (Jacqueline Ricciani of
counsel), for appellant.

        Legal Services of the Hudson Valley, Newburgh (Kassandra D.
Friedman of counsel), for Michelle A. Labbate, respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed November 28, 2014, which ruled that claimant was
entitled to receive unemployment insurance benefits.

        In July 2013, claimant, a sales consultant for the
employer's automobile dealership, reported to her employer that a
coworker, an automobile mechanic, had allegedly made a lewd
gesture to her and, later that day, exposed himself to her.
Following an investigation, the employer found the allegations to
be unfounded and instructed claimant to stay away from the
coworker or go to the service center where he worked, although
she was offered a transfer to a nearby building.  Dissatisfied

with the employer's response, claimant ended her employment that same day, and she subsequently applied for unemployment insurance benefits. The employer objected, and the Unemployment Insurance Appeal Board ultimately determined that claimant had good cause to leave her employment and was entitled to receive unemployment insurance benefits. The employer now appeals.

We affirm. "Whether a claimant has left employment for good cause so as to qualify for unemployment insurance benefits is a factual issue to be resolved by the Board and its determination will be upheld if supported by substantial evidence" (Matter of Gascon [Electron Coil, Inc.—Commissioner of Labor], 117 AD3d 1372, 1372 [2014] [citations omitted]; see Matter of Waheed [Commissioner of Labor], 110 AD3d 1428, 1429 [2013]). The Board was free to, and did, credit claimant's testimony that she did not feel safe or comfortable with continuing her employment after the egregious behavior of her coworker. The record evidence also reflects that claimant had previously reported harassment by another male coworker, who was reprimanded by the employer. In view of this pattern of sexual harassment and the employer's inadequate offer to transfer claimant to a nearby building — where she would still be forced to interact with the service center — substantial evidence supports the Board's determination that claimant left her employment for good cause (see Matter of Gascon [Electron Coil, Inc.—Commissioner of Labor], 117 AD3d at 1372; Matter of Petrov [Bragard Inc.—Commissioner of Labor], 96 AD3d 1339, 1339-1340 [2012]).

Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:



Robert D. Mayberger
Clerk of the Court